Approved: _____
JORDAN ESTES
Assistant United States Attorney

Before:   THE HONORABLE SARAH NETBURN
          United States Magistrate Judge
          Southern District of New York

**22 MAG 2304**

```
------------------------------------X
                                    :  COMPLAINT
UNITED STATES OF AMERICA            :
                                    :  Violations of 18 U.S.C.
           - v. -                   :  §§ 922(g)(1), 924(a)(2),
                                    :  and 2
FREDDIE JAIMAN,                     :
                                    :  COUNTY OF OFFENSE:
                 Defendant.         :  BRONX
                                    :
------------------------------------X
```

SOUTHERN DISTRICT OF NEW YORK, ss.:

JASON FERNANDEZ, being duly sworn, deposes and says that he is a Detective with the New York City Police Department ("NYPD"), and charges as follows:

### COUNT ONE
(Felon in Possession of Ammunition)

1. On or about March 10, 2022, in the Southern District of New York and elsewhere, FREDDIE JAIMAN, the defendant, knowing he had previously been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, knowingly did possess ammunition, to wit, a round of 9mm Luger ammunition, and the ammunition was in and affecting commerce.

(Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 2.)

The bases for my knowledge and the foregoing charges are, in part, as follows:

2. I am a Detective with the NYPD. This affidavit is based on my personal participation in the investigation of this matter, my conversations with other law enforcement officers, my review of video records, and my examination of reports and records. Because this affidavit is being submitted for the limited purpose

of demonstrating probable cause, it does not include all the facts that I have learned during the course of my investigation. Where the contents of documents and the actions, statements, and conversations of others are reported herein, they are reported in substance and in part, except where otherwise indicated.

3. Based on my conversations with other law enforcement officers, as well as my review of law enforcement reports, I have learned, among other things, the following:

a. On or about March 5, 2022, two victims reported that FREDDIE JAIMAN, the defendant, approached them as they were walking to a friend's house in the Mill Brook Houses in Bronx, New York. JAIMAN struck one of the victims with his hand on the right side of her torso. He then brandished a firearm, and threatened to shoot the other victim. After that, JAIMAN fled into a nearby building in the Mill Brook Houses.

b. Later that same day, JAIMAN was arrested for menacing and possession of cocaine.

4. Based on my review of the criminal history record of FREDDIE JAIMAN, the defendant, I have learned the following:

a. On or about October 16, 2013, JAIMAN was convicted in the Federal District Court for the Southern District of New York of being a felon in possession of a firearm, in violation of Title 18, United States Code, Section 922(g)(1). The defendant was sentenced to 44 months' imprisonment, to be followed by a three-year term of supervised release.

b. On or about July 25, 2019, JAIMAN was convicted in the Federal District Court for the Southern District of New York of (i) being a felon in possession of ammunition, in violation of Title 18, United States Code, Section 922(g)(1), and (ii) possession with intent to distribute heroin, in violation of Title 21, United States Code, Sections 812, 841(a)(1), and 841(b)(1)(C). The defendant also pled guilty to related specifications for violations of supervised release. The defendant was sentenced to a total of 63 months' imprisonment on the charges and specifications, to be followed by three years' supervised release.

c. One of the conditions of JAIMAN's supervised release is the following:

The defendant shall submit his person, residence,

place of business, vehicle, and any property or electronic devices under his control to a search on the basis that the probation officer has reasonable suspicion that contraband or evidence of a violation of the conditions of his supervised release may be found . . .

    d. JAIMAN was released from prison on or about September 20, 2021, and commenced supervised release that day.

5. As part of my investigation, I have spoken to Officers of the United States Probation Office from the Southern District of New York and reviewed reports from the United States Probation Office. Based on that, I have learned the following:

    a. On or about March 10, 2022, probation officers conducted a search of the residence of FREDDIE JAIMAN, the defendant, in the Bronx, New York (the "Residence").

    b. One of the officers conducting the search recovered one round of 9mm Luger ammunition on a shelf opposite the front door.

6. I have spoken to a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives who is familiar with the manufacturing of ammunition. Based on that conversation, I know that the 9mm Luger ammunition was not manufactured in the State of New York.

WHEREFORE, deponent respectfully requests that FREDDIE JAIMAN, the defendant, be imprisoned or bailed, as the case may be.

/s authorized electronic signature
_____
Jason Fernandez
Detective
New York City Police Department

Sworn to before me this
10th day of March, 2022

_____
THE HONORABLE SARAH NETBURN
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF NEW YORK